FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

2018 JUL -9 PM 2:41

CASE NO.: 6:18-CV-1089-ORL-37-DCI

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**JAMES E. BAUMANN**
   *Petitioner(s),*

v

**PNC BANK, N.A.**
   *Respondent(s).*
_____/

## PETITION FOR EXTRAORDINARY WRIT(S) – JAMES E. BAUMANN

Dated: July 9, 2018

Respectfully submitted,

*/s/ James E. Baumann*
JAMES E. BAUMANN
*Petitioner*
402 Alexander Avenue
Deltona, FL 32725
407-314-3001

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

STATEMENT OF RELATED CASES .................................................................... 1

RELIEF SOUGHT .................................................................................................. 1

ISSUES PRESENTED ............................................................................................ 1

FACTS NECESSARY TO UNDERSTAND PETITION ....................................... 1

REASONS FOR GRANTING THE WRIT ........................................................... 3

**I. The Court Should Direct the Bankruptcy Court to Promptly File the Amended Adversary Complaint, Assign a Case Number, and Issue the Summons**

**II. It Is Within This Court's Discretion to Issue A Writ Directing the Bankruptcy Court to Promptly Open the Case, assign a Case number, and Issue the Summons**

**III. A Writ of Mandamus Is Necessary to Prevent Irreparable Prejudice.**

**IV. Mandamus Is Appropriate Because Eleventh Circuit Case Law Requires No Delay**

CONCLUSION ....................................................................................................... 8

CERTIFICATE OF SERVICE ............................................................................... 9

APPENDIX ............................................................................................................ A

# TABLE OF AUTHORITIES

**CASES**                                       **PAGE(S)**

*In re* Link_A_Media Devices Corp., 662 F.3d 1221, 1222 (Fed. Cir. 2011) ............ 3

*In re* Google, No. 15-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) ... 3, 7

*In re* Nintendo, 544 Fed. Appx. at 942-43 ............................................................. 6

*In re* TS Tech USA Corp., 551 F.3d 1315, 1322 (Fed. Cir. 2008) ......................... 7

**STATUTES**                              **PAGE(S)**

28 U.S.C. § 1404(a) ................................................................................................ 4

Fed. R. Civ. P. 1 ...................................................................................................... 8

Fed. R. Civ. P. 3 ...................................................................................................... 5

Federal Rule of Bankruptcy Procedure 7004 ...................................................... 5, 6

Local Bankruptcy Rule 9004-1 ............................................................................... 5

## STATEMENT OF RELATED CASES

No appeal in or from the same civil action or proceeding in the lower court has previously been before the Federal Circuit or any other appellate court.

## RELIEF SOUGHT

Petitioner JAMES E. BAUMANN respectfully requests that the Court grant this petition for a writ of mandamus and direct the bankruptcy court clerk of court to promptly file the adversary complaint ("Adversary Complaint") (App. 3), assign a case number, and issue the summons.

## ISSUES PRESENTED

Whether this Court should direct the bankruptcy district court to file Petitioner's Adversary Complaint (App. 3), issue a case number, and issue the related summons.

## FACTS NECESSARY TO UNDERSTAND PETITION

On April 18, 2018, Petitioner/Plaintiff JAMES E. BAUMANN ("BAUMANN-J") filed the bankruptcy petition under chapter 13 of the United States Bankruptcy Code. BAUMANN-J filed a plan wherein BAUMANN-J detailed how treatment is provided to a certain judgment held by PNC BANK, N.A. To seek the

1

relief disclosed in the chapter 13 plan, BAUMANN-J prepared and filed with the clerk of the United States Bankruptcy Code, Middle District of Florida, Orlando Division, an Adversary Complaint (App. 2). Mysteriously, no Adversary Proceedings case was created. Instead, a motion to avoid lien appeared in the main case (App. 1, pg. 6, #22). Discovering an apparent mistake, BAUMANN-J contacted the Bankruptcy Court Clerk, seeking an explanation as to the reason the Adversary Proceedings was not opened, a case assigned, and summons issued. The Clerk indicated that she contacted legal to obtain an answer. Upon a follow up, the Clerk indicated that the Adversary Complaint was treated as a motion to avoid (App. 1, pg. 6, #22), and was filed in the main case, due to some purported errors in the Adversary Complaint (App. 2). BAUMANN-J corrected the alleged errors and resubmitted the Amended Adversary Complaint to the Clerk (App. 3). BAUMANN-J, out of abundance of caution, reviewed the Adversary Complaint with the Bankruptcy Court Clerk to insure no errors appeared that would preclude its filing. BAUMANN-J was assured all errors were corrected and the Amended Complaint would be filed. To BAUMANN-J's surprise, no case was opened, no case number assigned, and no summons were issued. BAUMANN-J, once again, reached out to the Bankruptcy Court Clerk, seeking an explanation as to the reasons why the Amended Complaint was not filed and summons issued. The Clerk responded that the legal department sent it the judge's chambers and the judge directed the Amended Complaint (App. 3)

be treated as a motion to avoid lien (App. 1, pg. 8, #35). The deadline for filing an adversary complaint is approaching, and/or has already passed, due to this unwarranted delay. BAUMANN-J has been denied equal access to the court, and now seeks a writ of mandamus directing the Clerk of Court to file the Amended Adversary Complaint (App. 3), issue a case number, and issue the summons.

## REASONS FOR GRANTING THE WRIT

A writ of mandamus is properly granted to correct the "usurpation of judicial power." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222 (Fed. Cir. 2011). Specific to this case, "a lengthy delay in ruling on a request for relief can amount to a denial of the right to have that request meaningfully considered." *In re Google*, No. 15-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015). The bankruptcy court's delay in this case has amounted to a denial of BAUMANN-J's rights to have the claims in the Adversary Complaint considered (App. 3).

During the past three months, one of two events should have occurred. Either the bankruptcy court should have opened the case after BAUMANN-J filed the Adversary Complaint (App. 2), or it should have opened a case after the Amended Adversary Complaint was filed (App. 3). The filing of either complaint would have saved BAUMANN-J from having to leave work for the purpose of filing multiple complaints, and then have no case assigned or summons issued. Instead, due to

3

the court's delay, BAUMANN-J has been forced to needlessly seek clarifications and file a petition for a writ. This delay has frustrated 28 U.S.C. § 1404(a)'s intent to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public, against unnecessary inconvenience and expense." *Id.* (internal quotations and citations omitted). BAUMANN-J faces substantial additional prejudice if the bankruptcy court proceeds with the confirmation process without deciding BAUMANN-J's claims in the Adversary Complaint in the proper forum.

## I. The Court Should Direct the Bankruptcy Court to Promptly File the Amended Adversary Complaint, Assign a Case Number, and Issue the Summons

This Court should grant BAUMANN-J's Petition for Writ of Mandamus and direct the bankruptcy court to promptly file the submitted Adversary Complaint (App. 3), assign a case number, and issue the summons.

### Starting an Adversary Proceeding

An adversary proceeding is commenced by the filing of a complaint. A complaint is a written formal statement in which the party initiating the proceeding, the plaintiff, presents the facts and demands relief from the defendant, the person or entity the action is brought against. Each complaint is unique and there is no specific form provided by the Court. The adversary proceedings are governed by the Local Bankruptcy Rules and Part VII of the Federal Rules of Bankruptcy

Procedure. Per the Federal Rules, Fed. R. Civ. P. 3, governing pleadings and motions, is applicable to adversary proceedings. Additionally, the form of papers filed with the Court can be found in Local Bankruptcy Rule 9004-1

### Service of Summons and Complaint

If the United States or a federal agency is named as a defendant, then it is required to serve the U.S. Attorney and the Attorney General of the United States with a copy of the complaint and the summons (see section A.2.ii below). The summons and complaint may be served anywhere in the United States. For service in a foreign country, see Federal Rule of Bankruptcy Procedure 7004.

### A. Methods of Service

1. Personal Service – Is permitted by a person not less than 18 years of age and not a party to the complaint.
2. First Class Mail – Service may be made on defendants within the United States by first class U.S. mail postage pre-paid, except as stated below. Service by first class mail is also subject to the following requirements:
    i. Mail service on an Insured Depository Institution (banks and other financial institutions whose deposits are federally insured) must be by certified mail addressed to a particular officer of the institution.

ii. If serving the bankruptcy debtor by mail, the summons and complaint must be mailed to the address stated on the bankruptcy petition or to such other address as the debtor may designate in a writing filed with the Bankruptcy Court. If the debtor is represented by an attorney, service must also be made on the attorney at the attorney's post-office address.

### B. <u>Time Limit for Service</u>

Service must be made (or mailed) within fourteen days following the issuance date of the summons. If service is not timely delivered or mailed, another summons shall be issued and served, pursuant to Federal Rule of Bankruptcy Procedure 7004(e).

In the instant case, the bankruptcy court is not allowing the case to proceed, by failing to open an adversary proceeding, assign a case number, and issue the summons to effectuate service as is required by the bankruptcy code.

### II. It Is Within This Court's Discretion to Issue a Writ Directing the Bankruptcy Court to Promptly Open the Case, Assign a Case Number, and Issue the Summons

This Court has conclusively established that it may issue a writ of mandamus where a bankruptcy court has failed to rule on act on a pending pleading *Id.*; *In re Nintendo*, 544 Fed. Appx. at 942-43.

6

## III. A Writ of Mandamus is Necessary to Prevent Irreparable Prejudice.

Mandamus relief is particularly important in this case, where a transfer order from the district court would likely not be appealable in any other manner. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008) (noting that appeal would not be an adequate remedy because the petitioner would not be able to demonstrate that it would have won the case had it been tried in a convenient venue).

BAUMANN-J needs to proceed on the claims stated in the Adversary Complaint (App. 3). BAUMANN-J is prevented from doing so by the bankruptcy court.

## IV. Mandamus is Appropriate Because Eleventh Circuit Case Law Requires No Delay

Rule 1 of the Federal Rules of Civil Procedure dictates that courts should administer the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." It is established that a lengthy delay in ruling on a party's request for relief can amount to a denial of the right to have that request meaningfully considered. *Google*, 2015 WL 5294800 at *1.

## CONCLUSION

BAUMANN-J's right to "secure the just, speedy, and inexpensive determination" of its action has been denied by the bankruptcy court's failure to open a case, and issue summons. Fed. R. Civ. P. 1. BAUMANN-J requests that this Court issue a writ of mandamus directing the bankruptcy court to promptly open a case and issue the summons. BAUMANN-J also requests that this Court direct the bankruptcy court to stay the litigation in the main bankruptcy case until the case is opened, summons issued, and the matter disposed of.

Dated: July 9, 2018

Respectfully submitted,

*[signature]*
JAMES E. BAUMANN
*Petitioner*
402 Alexander Avenue
Deltona, FL 32725
407-314-3001

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been furnished to the parties on the service list on this date, July 9, 2018.

Respectfully submitted,

*/s/ James E. Baumann*

JAMES E. BAUMANN
*Petitioner*
402 Alexander Avenue
Deltona, FL 32725
407-314-3001

## SERVICE LIST:

**LOESCH, SHERYL L.**
Clerk of Court; U.S. Bankruptcy Court
– Middle District of Florida
George C. Young Federal Courthouse
400 W. Washington Street
Orlando, FL 32801

**BRISKMAN, ARTHUR B.**
Judge; U.S. Bankruptcy Court –
Middle District of Florida
George C. Young Federal Courthouse
400 W. Washington Street
Orlando, FL 32801

**LAURIE K WEATHERFORD**
Trustee
Post Office Box 3450
Winter Park, FL 32790-3450

**UNITED STATES TRUSTEE –
ORL7/13 7**
Office of the United States Trustee
George C. Young Federal Building
400 W Washington Street – Suite 1100
Orlando, FL 32801-2210

**PNC BANK, N.A.**
Shapiro, Fishman & Gache, LLP
c/o Lindsey Savastano
2424 N Federal Highway – Suite 360
Boca Raton, FL 33431-7701

**JAMES E BAUMANN**
402 Alexander Avenue
Deltona, FL 32725-8302